Filed 4/26/16  P. v. Hamilton CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079179 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F02444) |
| v. | |
| DOMINIK ANTHOWNE HAMILTON, | |
| Defendant and Appellant. | |

Defendant Dominik Anthowne Hamilton was convicted of assault likely to produce great bodily injury and battery resulting in serious bodily injury.  On appeal, he contends the trial court abused its discretion by refusing to find unusual circumstances warranting probation.  We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and his uncle lived in the same apartment complex as Malissa Nuckles. Nuckles complained to her boyfriend, Keith Campbell, that defendant and his uncle were

1

harassing her. Campbell had multiple verbal altercations with defendant and the uncle, and Campbell did not get along with either of them. Once, Campbell saw the uncle threatening Nuckles with a butcher knife, so Campbell acted like he was going to throw a rock at the uncle. On a separate occasion, defendant threatened to beat up Campbell and charged at him with a baseball bat.

On April 8, 2014, Campbell was walking to Nuckles's apartment complex to visit her and saw defendant, the uncle, and a third man. Campbell heard defendant and the uncle say, "[t]hat's him right there. Let's get [him]." Five seconds later, Campbell heard footsteps behind him.

Fearing he was going to be assaulted, Campbell ran to a nearby cell phone store. Defendant, the uncle, and a third man ran after Campbell. The three stayed outside when Campbell entered the store, and all the men started yelling at each other. The store clerk called the police.

After a few minutes, the three men left. Shortly thereafter, Campbell left the store and started walking to a nearby fast food restaurant. The three men ambushed Campbell. Defendant punched Campbell in the back of the head, and the other two started hitting and kicking Campbell. Campbell fell to the ground, and the three continued hitting and kicking him and then walked away.

The police arrived about 15 minutes after the attack ended. Campbell was bleeding from his lip, ear, and forehead, and his mother took him to the hospital. Campbell suffered a shattered cheekbone and was hospitalized for a few days.

A jury convicted defendant of assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)—count one)[1] and battery resulting in serious bodily injury (§ 243, subd. (d)—count two). The jury also found true allegations as to counts one and

---

[1] Undesignated statutory references are to the Penal Code.

two that defendant personally inflicted great bodily injury.  (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8).)

The probation report noted defendant was eligible for probation if the court determined his case was "unusual" pursuant to the criteria set forth in California Rules of Court, rule 4.413.[2]  (§ 1203, subd. (e)(3).)  Even though defendant had no prior criminal history, had two young children, and had led a productive life, the probation report recommended against probation because the "nature, seriousness and circumstances of the crime" warranted prison.  (§ 1203, subd. (e)(3).)  Defendant submitted recommendation letters stating the crime was out of character and a one-time event.

At sentencing, the trial court recognized defendant was less culpable than his uncle, had led a productive life, and had no prior criminal history.  Still, defendant was an active participant in "serious and violent criminal conduct of an egregious nature," causing serious injuries to the victim's facial area.  The trial court denied probation and sentenced defendant to an aggregate term of three years in state prison.  Defendant appeals.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying probation.  We disagree.

A defendant who willfully inflicts great bodily injury while committing a crime is statutorily ineligible for probation "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . ."  (§ 1203, subd. (e)(3).)  The courts narrowly construe "unusual cases" and "interests of justice," and limit such grants of probation "to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced."  (*People v. Superior Court* (*Dorsey*) (1996)

---

[2]  Further rule references are to the California Rules of Court.

3

50 Cal.App.4th 1216, 1229; see rule 4.413(c) [setting out criteria which "may" indicate the existence of an unusual case].)

We review for abuse of discretion a trial court's finding as to whether a case is unusual. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) A trial court has broad discretion to determine whether to grant probation, and that decision will not be reversed on appeal unless it is "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 178-179.)

Defendant contends the trial court should have granted probation due to a "constellation of mitigating factors," including: (1) his lack of a prior criminal record (rule 4.414(b)(1)); (2) he has two small children (rule 4.414(b)(5)); (3) his uncle was the true instigator in the assault and defendant was merely a "follower" (rule 4.414(b)(6)); and (4) this was a heat-of-the-moment crime that occurred in unusual circumstances and is not likely to reoccur (rule 4.414(a)(8)).

These potentially mitigating factors were before the trial court during the sentencing hearing via the probation report and letters of recommendation provided by defendant. The trial court found these circumstances were outweighed by defendant's "particularly violent and serious crime," a conclusion that was eminently reasonable and within the trial court's discretion. (See *People v. Stuart*, *supra*, 156 Cal.App.4th at p. 178 [rule 4.413's provisions are " 'permissive, not mandatory,' " and the court " 'may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions' "].)

**DISPOSITION**

The judgment is affirmed.


                                                      _____BUTZ_____, J.


We concur:


_____HULL_____, Acting P. J.


_____DUARTE_____, J.